UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OPUS NORTHWEST,

        Plaintiff,

  v.

OPUS ENVIRONMENTAL,

        Defendant.
                                      /

No. C 08-00131 MHP

**MEMORANDUM & ORDER**

**Re:** Plaintiff's Motion for Sanctions

      Plaintiffs Opus Northwest Construction Corporation and Opus West Corporation brought a complaint for trademark infringement and unfair competition against defendant Opus Environmental, LLC for use of its trademark "OPUS." Now before the court is plaintiff's motion for sanctions for reasonable costs and attorneys' fees incurred as a result of attending the status conference on November 17, 2008, in which defendant's counsel failed to appear. Having considered the parties' arguments and submissions, the court enters the following memorandum and order.

BACKGROUND

      Plaintiffs Opus Northwest Construction Corporation and Opus West Corporation (collectively, "Opus") are part of the Opus Group of Companies, which perform real estate development, contractor services and construction work. See Docket No. 1 (Complaint) at 4. Opus owns registered United States trademarks for the word mark and design mark "OPUS." Id. at 2. Plaintiff alleges that defendant Opus Environmental, an environmental services company, has infringed and misused its "OPUS" trademarks because defendant uses trade names and word marks with the word "OPUS" in connection with the sale and offering of its goods and services. Id. at 6.

In response to the trademark infringement action, Opus Environmental has participated in settlement negotiations to avoid litigation and changed its name to Insignia Environmental, LLP ("Insignia"). See Lafeber Dec., Exhs. M & N. Opus and Insignia have negotiated all the terms of a settlement agreement, except the final transition date for defendant's use of the "OPUS" trademark. See McCormack Dec., Exh. B at 3. On November 17, 2008, a status conference took place before the court, but defendant's attorney failed to appear at the hearing. Id. at 2. Neither the court nor plaintiff's attorney knew that defendant's attorney would not be present. Id. The court called defendant's attorney during the meeting but could not reach him and left him a message. See Docket No. 18 (civil pretrial minute entry). The court ordered that due to defendant's non-response, March 30, 2009 was the stipulated date for the transition period and that defendant must respond by December 1, 2008. Id. The deputy clerk also instructed defendant's attorney to file a letter explaining his absence and defendant's current settlement position by December 1, 2008, and to contact plaintiff to schedule another status conference. McCormack Dec. ¶ 9. On November 26, 2008, defendant's attorney sent a letter to the court explaining that he was unable to attend due to his wife's illness and that his assistant called the docket clerk and deputy clerk and left messages on the day of the status conference. Id. ¶¶ 5-6. Plaintiff requests sanctions for attorneys' fees and costs related to attending the status conference and preparing the instant motion.

LEGAL STANDARD

A district court has authority to impose sanctions against an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. The court may require the attorney to pay the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct. Id. In order to impose sanctions under section 1927, there must be a showing of subjective bad faith on the part of the attorney. See Salstrom v. Citicorp Credit Servs., Inc., 74 F.3d 183, 184 (9th Cir. 1995), citing MGIC Indem. Corp. v. Moore, 952 F.2d 1120, 1122 (9th Cir. 1991) (noting that section 1927 requires a finding of bad faith on the part of the attorney, which is assessed under a subjective standard).

2

DISCUSSION

Under 28 U.S.C. section 1927, the court may sanction an attorney who unreasonably and vexatiously multiplies the proceedings in a case. Here, defendant's attorney failed to attend the status management conference on November 17, 2008. The court understands that there may be urgent family medical situations that keep an attorney from appearing at court. Defendant's attorney tried to notify the court through his assistant on the day of the conference and subsequently wrote a letter apologizing for and explaining his absence. See McCormack Dec. ¶¶ 5-6. However, defendant's attorney did not successfully notify the court prior to the conference and did not attempt to communicate with opposing counsel on the night before or morning of the conference, which could have prevented an unnecessary trip by plaintiff's counsel from Minnesota to this court. See McCormack Dec., Exh. B at 2. Defendant's attorney also stated there were no attorneys staffed at his law firm's Palo Alto office who could cover for him. McCormack Dec. ¶ 7.

It seems unlikely that there were no available attorneys in defendant's attorney's Portland or Palo Alto offices who could assist in the matter. Due to defendant's lack of communication and best efforts, both the court and plaintiff's resources and time were wasted. Proceedings have been multiplied because the parties must schedule another status conference at a later date. This is not the first instance of purported dilatory tactics on the part of defendant's attorney. As documented in plaintiff's motion, defendant's attorney has, on several occasions, been unresponsive and failed to adhere to previously stipulated deadlines surrounding the terms of the settlement agreement and conditional dismissal of this action. The court finds this repeated lack of effort and failure to communicate by defendant's attorney amount to unreasonable and vexatious conduct.

Sanctions pursuant to section 1927 require a showing of bad faith. Salstrom 74 F.3d at 184. Plaintiff contends that defendant's attorney should be held in civil contempt for violating a court order to attend a status conference. The court will not go so far as to find civil contempt, but does find evidence of bad faith by defendant's attorney. The court recognizes that defendant's attorney has established a pattern of not replying in a timely fashion to plaintiff's attorney's communications. See Lafeber Dec., Exhs. M & O. Moreover, his failure to appear amounts to bad faith because it strained negotiations and compounded two years of protracted litigation and delays in negotiations.

3

Lafeber Dec., Exhs. M-T. Defendant's attorney's lack of communication with opposing counsel has resulted in further waste of time and resources.

The court grants plaintiff's motion for sanctions for attorneys' fees and costs related to the November 17, 2008, conference and for preparing the motion. The attorneys' fees and costs are capped at $5000. Plaintiff shall submit within thirty (30) days of the date of this order a declaration setting forth the amount of costs and attorneys' fees incurred as a result of defendant attorney's failure to appear. Defendant may respond within thirty (30) days of the filing of the declaration *only* as to the reasonableness of the costs and fees sought. If defendant fails to respond, an order will be entered for the amount sought by plaintiff.

Furthermore, since the court is advised that the parties are very close to an agreement, the agreement or dismissal shall be filed within sixty (60) days of the date of this order. If defendant is non-responsive within that time, plaintiff shall enter default. The court urges the parties to timely respond to all parties' communications and expedite a complete settlement agreement.

CONCLUSION

Plaintiff's motion for sanctions is **GRANTED** and the parties shall comply with the above order.

IT IS SO ORDERED.

Dated: 4/30/2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

4